**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL STEINER,<br><br>        **Plaintiff,**<br><br>v.<br><br>CIGNA LIFE INSURANCE COMPANY OF NEW YORK and CITIGROUP LONG TERM DISABILITY PLAN,<br><br>        **Defendants.** | Civ. No. 15-cv-0391 (KM)<br><br>**MEMORANDUM OPINION & ORDER** |

  This matter comes before the court on the motion (ECF no. 13) of the plaintiff, Paul Steiner, to dismiss the Counterclaim (ECF no. 10) filed by the defendants, Cigna Life Insurance Company ("CLICNY") and Citigroup Long Term Disability Plan (the "Plan"), for failure to state a claim. For the reasons expressed herein, the motion will be denied.

  The motion is filed pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

  Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

1

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

In light of that standard, it is never a good sign where, as here, a motion to dismiss attaches an affidavit relating the contents of a phone conversation, an attorney's conversations with a client, correspondence, and other matters. Some 10 exhibits are proffered as well. (ECF nos. 13-2 through 12). In reply to the Defendants' response, Plaintiffs' counsel doubled down, filing an affidavit purporting to transcribe counsel's own voice mail message to opposing counsel several days before, attaching further correspondence, and so on. (ECF no. 21-1)

Of course, certain documents may be considered without converting a Rule 12(b)(6) motion into one for summary judgment (which, to anticipate an argument, I will not do here). *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). These documents, however—letters, an attorney's notes of a phone call, a cancelled check—are too far afield. I will consider, for example, a contract or a securities prospectus (even if not attached to the complaint), where the action is one for breach of that contract or a false statement in that

prospectus. But I will not attempt to interpret a months-long course of dealing based on notes, factual averments in an affidavit, and letters.

This motion may be disposed of briefly.

The complaint, brought under ERISA, 29 U.S.C. § 1132(a)(1)(B), alleges that the Plan wrongfully determined, after eleven years of payments, that Mr. Steiner was no longer disabled as of May 10, 2014. Although it paid benefits for another five months, the payments ceased thereafter. Steiner sues for disability benefits that he claims he is owed.

CLICNY determined that it was no longer required to pay disability benefits after May 10, 2014. Steiner appealed. During the appeal, Steiner agreed to undergo an independent medical exam, and CLICNY agreed in return to continue paying benefits in the interim. CLICNY did pay benefits from May 11, 2014, through November 25, 2014, when the appeal was denied. (I'll call these the "interim benefits.")

CLICNY's Counterclaim is fairly simple. It says that it paid the interim benefits pursuant to a reservation of rights. In plain English, CLICNY contends that the arrangement was that it could recoup these interim benefits in the event the appeal was denied.

The Complaint asks the court to "determine and declare that the Reservation of Rights attached to the payment of disability benefits from May 11, to November 25, 2014 [be] hereby removed." (Cplt., prayer for relief, ¶ 1) The Counterclaim asserts that "[if] the Court determines that Plaintiff is not entitled to LTD benefits beyond May 10, 2014, CLICNY is entitled to repayment and/or restitution of the amount of LTD benefits that CLICNY paid to him under a reservation of rights for the period of May 1,, 2014 through November 25, 2014, plus interest." (Counterclaim ¶ 1)

The issue of whether there was a reservation of rights is fairly presented by the pleadings. CLICNY says yes; Steiner says no. That factual issue is no fit subject for a motion to dismiss.

Steiner's contention that any reservation of rights must appear in the Plan documents is too broad. CLICNY says that to avoid hardship, by agreement with Steiner's counsel it paid interim benefits while the claim was being investigated in connection with the appeal. *See, e.g., Tannenbaum v. Unum Life Ins. Co. of America,* No. CIV.A. 03-1410, 2010 WL 2649875, at *2 (E.D. Pa. June 30, 2010). The cases cited deal with a different sort of claim: an alteration to the plan itself, not an ad hoc agreement to pay benefits while a claim is being investigated. *See, e.g., Local 56 v. Campbell Soup Co.,* 898 F. Supp. 1118, 1123 (D.N.J. 1995). At the very least, an issue of fact, unsuitable for resolution without development of a record in discovery, is presented. *See Grove v. Johnson Controls, Inc.,* No. 1:12-CV-02622, 2013 WL 3049114, at *8 (M.D. Pa. June 17, 2013).

## ORDER

The Plaintiff having filed a motion (ECF no. 13) to dismiss the Counterclaim (ECF no. 10); and Defendants having filed a response (ECF no. 17); and Plaintiff having filed a reply (ECF no. 21); and the court having considered the matter without oral argument; for the reasons expressed in the foregoing Opinion, and good cause appearing therefor;

IT IS this 10th day of March, 2016,

ORDERED the Plaintiff's motion (ECF no. 13) under Fed. R. Civ. P. 12(b)(6) to dismiss the counterclaim is DENIED.

_____
KEVIN MCNULTY
United States District Judge